1  **PAUL H. NEUHARTH, JR.**
   California State Bar Number 147073
2  1140 Union Street, Suite 102
   San Diego, California 92101
3  Telephone: (619)231-0401

4

5  Attorney for PAUL LATIFF

6

7

8              **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10                  **(HON. WILLIAM Q. HAYES)**

11 UNITED STATES OF AMERICA,        )
                                    ) Case No. 07-CR-3028-WQH
12         Plaintiff,                )
                                    ) NOTICE OF MOTIONS AND MOTIONS FOR:
13     vs.                          ) 1) PRODUCTION OF BRADY MATERIAL;
                                    ) 2) DISCOVERY; AND
14 PAUL LATIFF,                     ) 3) LEAVE TO FILE FURTHER MOTIONS
                                    )
15         Defendant.                ) DATE: JANUARY 2, 2008
                                    ) TIME:  2:00 P.M.
16

17     **TO:   KAREN P. HEWITT, UNITED STATES ATTORNEY, AND REBECCA S.
              KANTER, THE ASSISTANT UNITED STATES ATTORNEY:**
18

19     PLEASE TAKE NOTICE that on JANUARY 2, 2008, at 2:00 p.m., or as soon thereafter as counsel

20 may be heard, the defendant, PAUL LATIFF, by and through his counsel, PAUL H. NEUHARTH, JR., will

21 move this Court to issue an order granting the motions listed below.

22                              I.

23                           MOTIONS

24    The defendant, PAUL LATIFF, by and through counsel, PAUL H. NEUHARTH, JR., asks this Court

25 pursuant to the United States Constitution and Fed. R. Crim. P. 12, 16 and 26, and all other applicable

26 statutes and local rules for an order to:

27 ///

28 ///

                                    1

1.) Produce all Brady Material;

2.) Compel Discovery; and for

3.) Leave to File Further Motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, the files and records in the above-captioned matter, and any and all other materials that may come to this Court's attention prior to or during the hearing of these motions.

                                    Respectfully submitted,

Dated: November 28, 2007         s/neuharth
                                 PAUL H. NEUHARTH, JR.
                                 Attorney for LATIFF

**PAUL H. NEUHARTH, JR.**
California State Bar Number 147073
1140 Union Street, Suite 102
San Diego, California 92101
Telephone: (619)231-0401

Attorney for PAUL LATIFF

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

## (HON. WILLIAM Q. HAYES)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>PAUL LATIFF,<br><br>    Defendant. | Case No. 07-CR-3028-WQH<br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS FOR:<br>1) PRODUCTION OF BRADY MATERIAL;<br>2) DISCOVERY; AND<br>3) LEAVE TO FILE FURTHER MOTIONS |

I.

STATEMENT OF FACTS

The following brief summary of the statement of facts is based on materials received from the government. The facts alleged in these motions are subject to amplification and/or modification at the time these motions are heard.

This case involves the alleged possession of Methamphetamine with the intent to distribute. The defendant allegedly was scheduled to depart from the San Diego International Airport to Philadelphia, Pennsylvania. As of the writing of this motion I believe we have most of the discovery. However, I anticipate additional discovery will become available in the near future.

///

///

## II.

## MOTION TO COMPEL DISCOVERY

Defense counsel has received some discovery in this case. However, due to the fact that there still remains investigation to be conducted and witnesses to be interviewed, Mr. LATIFF believes that there may be other discovery outstanding. He therefore moves for the production by the government of the following items. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies" under United States v. Bryan, 868 F.2d 1032 (9th Cir.), cert. denied, 493 U.S. 858 (1989):

(1)   The Defendant's Statements:  Under Fed. R. Crim. P. 16 (a)(1)(A) the defendant is entitled to disclosure all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings which may have been given to the defendant (see United States v. McElroy, 697 F.2d 459 (2d Cir. 1982)); and any other statements by the defendant that are discoverable under Fed. R. Crim. P. 16(a)(1)(A). The Advisory Committee Notes as well as the 1991 amendments to Rule 16 make it clear that the Government must reveal all the defendant's statements, whether oral or written regardless of whether the Government intends to introduce those statements;

(2)   Arrest Reports, Notes and Dispatch Tapes:  The defendant also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963). See also United States v. Johnson, 525 F.2d 999 (2d Cir. 1975), cert. denied, 424 U.S. 920 (1976); United States v. Lewis, 511 F.2d 798 (D.C. Cir. 1975);

United States v. Pilnick, 267 F. Supp. 791 (S.D.N.Y. 1967); Loux v. United States, 389 F.2d 911 (9th Cir.), cert. denied, 393 U.S. 867 (1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(I);

(3)     Brady Material: The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Impeachment as well as exculpatory evidence falls within Brady's definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976);

(4)     Any Proposed 404(b) Evidence: Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests that such notice be given three weeks before trial in order to give the defense time to adequately investigate and prepare for trial;

(5)     Jencks Act Material: The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch tapes. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963). In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act. The defense requests pre-trial production of Jencks material to expedite cross-examination and to avoid lengthy recesses during trial;

///

///

(6)  <u>Giglio Information</u>: Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses.

III.

LEAVE TO FILE FURTHER MOTIONS

Due to the fact that it is unknown to the defendant at this time what new evidence may arise as a result of investigating this case, the defendant requests that this Court allow him an opportunity to file any additional motions that may become necessary.

IV.

CONCLUSION

For the foregoing reasons, PAUL LATIFF respectfully requests that this Court grant these motions.

Respectfully submitted,

Dated: November 28, 2007          s/neuharth
                                  PAUL H. NEUHARTH, JR.
                                    Attorney for LATIFF

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA
(Hon. William Q. Hayes)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 07-CR-3028-WQH |
| ) | |
| Plaintiff, ) | **CERTIFICATE OF SERVICE** |
| ) | |
| vs. ) | |
| ) | |
| PAUL LATIFF, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**IT IS HEREBY CERTIFIED THAT:**

I, PAUL H. NEUHARTH, JR., am a citizen of the United States and am at least eighteen years of age. My business address is 1140 Union Street, Ste. 102, San Diego, California, 92101.

I am not a party to the above-entitled action. I hereby certify that I have caused to be served NOTICE OF MOTIONS AND MOTIONS FOR: 1) PRODUCTION OF BRADY MATERIAL; 2) DISCOVERY; AND 3) LEAVE TO FILE FURTHER MOTIONS to the following ECF participants on this case:

**Christina M McCall**
Christina.McCall@usdoj.gov,  efile.dkt.gc1@usdoj.gov,  ginger.stacey@usdoj.gov

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 28, 2007.

                                                s/neuharth
                                        PAUL H. NEUHARTH, JR.