KAREN P. HEWITT
United States Attorney
CHRISTINA M. McCALL
Assistant United States Attorney
California Bar Number 234139
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6760
Facsimile: (619) 235-2757

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 07CR3028-WQH |
| Plaintiff, | **UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO:** |
| v. | (1) **COMPEL DISCOVERY AND PRESERVE EVIDENCE;** |
| | (2) **GRANT LEAVE TO FILE FURTHER MOTIONS** |
| PAUL DAVID LATIFF, | **ALONG WITH UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY.** |
| Defendant. | Date:      January 2, 2008<br>Time:      2:00 p.m.<br>Honorable:  William Q. Hayes |

Plaintiff, United States of America, by and through its counsel, Karen P. Hewitt, United States Attorney, and Christina M. McCall, Assistant United States Attorney hereby files its Response and Opposition to Defendant's Motions and its Motion for Reciprocal Discovery. This Response and Opposition is based upon the files and records of the case together with the attached statement of facts and memorandum of points and authorities.

///

///

I

**STATEMENT OF FACTS**

In October of 2007, the Drug Enforcement Agency ("DEA") learned that Defendant, Paul David Latiff, would be traveling from the San Diego airport to the east coast, with methamphetamine taped inside his pants. On October 12, 2007, at around 5:45 p.m., DEA agents encountered Defendant in the San Diego airport and asked for permission to search Defendant's person and belongings. Defendant granted permission to search, claiming that he had nothing on him. Agents discovered a foreign object taped inside the groin of Defendant's pants area. When agents asked what was inside, the package, Defendant said, "you know what it is." That object turned out to be a package of methamphetamine, weighing 183.4 grams, with a purity level of 50%, resulting in an actual amount of methamphetamine of 92 grams.

From Defendant's luggage, agents discovered two Federal Express shipping slips. When presented with the shipping slips, Defendant admitted that he sent methamphetamine to two people on the east coast.

After being read his <u>Miranda</u> rights, Defendant agreed to speak to the agents. Defendant admitted that he had been selling methamphetamine for a year, and that he travels to San Diego to obtain the substance.

On November 6, 2007, a federal grand jury for the Southern District of California returned a single-count Indictment against Defendant, charging him with knowingly and intentionally possession, with intent to distribute, 92 grams of actual methamphetamine, in violation of Title 21 U.S.C. § 841(a)(1). Defendant pleaded not guilty to the Indictment on November 15, 2007.

II

**UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS**

**A.    ORDER COMPELLING DISCOVERY IS UNNECESSARY**

No Order is Required; The United States is Complying With Discovery Obligations

The United States has produced around 60 pages of discovery as of the filing of this response.

1    The United States has complied and will continue to comply with its discovery obligations under Brady v. Maryland, 373 U.S. 83 (1963), the Jenks Act (18 U.S.C. §3500), and Federal Rule of Criminal Procedure 16.  Because the United States has complied and will comply with its discovery obligations, an order to compel discovery is unwarranted and the request for such an order should be denied.

### 1.    Defendant's Statements

The Government recognizes its obligation under Rules 16(a)(1)(A) and 16(a)(1)(B) to provide to Defendant the substance of Defendant's oral statements and Defendant's written statements.  The Government has produced all of the Defendant's statements that are known to the undersigned Assistant U.S. Attorney at this date.  If the Government discovers additional oral or written statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will be provided to Defendant.

### 2.    Arrest Reports, Notes and Dispatch Tapes

The United States has provided Defendant with all known reports related to Defendant's arrest in this case.  The United States is not aware of the existence of any dispatch tapes relevant to this case.  The United States will continue to comply with its obligation to provide to Defendant all reports subject to Rule 16.

The Government has no objection to the preservation of the handwritten notes taken by any of the Government's agents that are available at this time.  See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents must preserve their original notes of interviews of an accused or prospective government witnesses).  However, the Government objects to providing Defendant with a copy of any available rough notes at this time.  Rule 16(a)(1)(A) does not require disclosure of the rough notes where the content of those notes have been accurately reflected in a type-written report.  See United States v. Brown, 303 F.3d 582, 590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573, 583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes even where there are "minor discrepancies" between the notes and a report).  The Government is not required to produce rough notes pursuant to the Jencks Act, because the notes do not constitute "statements" (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or adopted by the witness.  United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). The rough notes in this case probably do not constitute "statements" in accordance with the Jencks Act.

1  See United States v. Ramirez, 954 F.2d 1035, 1038-39 (5th Cir. 1992) (rough notes were not statements
2  under the Jencks Act where notes were scattered and all the information contained in the notes was
3  available in other forms).  The notes are not Brady material because the notes do not present any material
4  exculpatory information, or any evidence favorable to Defendant that is material to guilt or punishment.
5  Brown, 303 F.3d at 595-96 (rough notes were not Brady material because the notes were neither
6  favorable to the defense nor material to defendant's guilt or punishment); United States v. Ramos, 27
7  F.3d 65, 71 (3d Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence was
8  insufficient). If, during a future evidentiary hearing, certain rough notes become discoverable under Rule
9  16, the Jencks Act, or Brady, the notes in question will be provided to Defendant.

10         3.      Brady Material

11         The United States will comply with its obligations to disclose exculpatory evidence under Brady
12  v. Maryland, 373 U.S. 83 (1963).  Under Brady and United States v. Agurs, 427 U.S. 97 (1976), the
13  government need not disclose "every bit of information that might affect the jury's decision." United
14  States v. Gardner, 611 F.2d 770, 774-75 (9th Cir. 1980). The standard for disclosure is materiality. Id.
15  "Evidence is material under Brady only if there is a reasonable probability that the result of the
16  proceeding would have been different had it been disclosed to the defense." United States v.
17  Antonakeas, 255 F.3d 714, 725 (9th Cir. 2001).  Impeachment evidence may constitute Brady material
18  "when the reliability of the witness may be determinative of a criminal defendant's guilt or innocence."
19  United States v. Blanco, 392 F.3d 382, 387 (9th Cir. 2004) (internal quotation marks omitted).

20         4.      404(b) Evidence

21         The United States will disclose in advance of trial the general nature of any "other bad acts"
22  evidence that it intends to introduce at trial pursuant to Federal Rule of Evidence 404(b), and any prior
23  convictions it intends to use as impeachment pursuant to Rule 609.  The discovery materials include
24  numerous documents from Defendant's previous trips to San Diego.

25         5.      Jencks Act Material

26         The United States has or will comply with the disclosure requirements of the Jencks Act.  For
27  purposes of the Jencks Act, a "statement" is (1) a written statement made by the witness and signed or
28  otherwise adopted or approved by him, (2) a substantially verbatim, contemporaneously recorded

1  transcription of the witness's oral statement, or (3) a statement by the witness before a grand jury. 18
2  U.S.C. § 3500(e). Notes of an interview only constitute statements discoverable under the Jencks Act
3  if the statements are adopted by the witness, as when the notes are read back to a witness to see whether
4  or not the government agent correctly understood what the witness was saying. United States v. Boshell,
5  952 F.2d 1101, 1105 (9th Cir. 1991) (citing Goldberg v. United States, 425 U.S. 94, 98 (1976)). By the
6  same token, rough notes by an agent "are not producible under the Jencks Act due to the incomplete
7  nature of the notes." United States v. Cedano-Arellano, 332 F.3d 568, 571 (9th Cir. 2004).
8      The United States is not aware of any dispatch tapes containing Jencks Act material in this case.
9      6.    Giglio/ Henthorn Information
10     The United States will comply with the requirements of Giglio v. United States, 405 U.S. 150
11 (1972). The Government will also comply with United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991)
12 and request that all federal agencies involved in the criminal investigation and prosecution review the
13 personnel files of the federal law enforcement inspectors, officers, and special agents whom the
14 Government intends to call at trial and disclose information favorable to the defense that meets the
15 appropriate standard of materiality. United States v. Booth, 309 F.3d 566, 574 (9th Cir. 2002)(citing
16 United States v. Jennings, 960 F.2d 1488, 1489 (9th Cir. 1992). If the undersigned Assistant U.S.
17 Attorney is uncertain whether certain incriminating information in the personnel files is "material," the
18 information will be submitted to the Court for an in camera inspection and review.
19 C.   LEAVE TO FILE FURTHER MOTIONS
20     The United States does not oppose Defendant's request for leave to file further motions, so long
21 as such motions are based on discovery not yet received by Defendant.

**III**

**UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY**

24     Defendant has invoked Fed. R. Crim. P. 16(a) and the United States has voluntarily complied
25 with the requirements of Rule 16(a). Therefore, provision 16(b) of that rule, requiring reciprocal
26 discovery, is applicable. The United States hereby requests Defendant to permit the United States to
27 inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or
28 make copies of portions thereof, which are within the possession, custody or control of Defendant and

which he intends to introduce as evidence at trial. This request is especially important in a case where Defendant is expected to attempt to prove that he is entitled to derivative citizenship.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which he intends to introduce as evidence-in-chief at the trial or which were prepared by a witness whom Defendant intends to call as a witness. The United States also requests that the court make such orders as it deems necessary under Rule 16(d)(1) and (2) to insure that the United States receives the discovery to which it is entitled.

Federal Rule of Criminal Procedure 26.2 requires the production of prior statements of all witnesses, except Defendant. The time frame established by the rule requires the statement to be provided after the witness has testified, as in the Jencks Act. The United States hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the court. This order should include any form these statements are memorialized in, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

## V

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that Defendant's motions, except where not opposed, be denied and the United States' motion for reciprocal discovery be granted.

DATED: December 19, 2007

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

*/s/ Christina M. McCall*

CHRISTINA M. McCALL
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>             Plaintiff,<br>      v.<br>PAUL DAVID LATIFF,<br>             Defendant. | Case No. 07CR3028-WQH<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED that:

I, CHRISTINA M. McCALL, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101.

I am not a party to the above-entitled action. I have caused service of RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Paul Neuharth, Esq.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 19, 2007.

                                                **/s/ Christina M. McCall**
                                                CHRISTINA M. McCALL